CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 26 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JAMES & NINA O'CONNOR, *Plaintiffs*, | CIVIL NO. 3:09CV00022 |
| v. | **MEMORANDUM OPINION** |
| COLUMBIA GAS TRANSMISSION CORP., *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on James and Nina O'Connors' Motion to Remand (docket no. 9) this case to state court for lack of subject matter jurisdiction. Because there is complete diversity between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs, the Court has subject matter jurisdiction to entertain this case pursuant to 28 U.S.C. § 1332. Accordingly, the O'Connors' Motion should be denied.

## I. BACKGROUND

On March 6, 2009, the O'Connors filed a two-count complaint against Columbia Gas Transmission Corporation ("Columbia") in Louisa County Circuit Court, seeking damages for the alleged breach of a 1950 Right-of-Way Agreement and private nuisance arising from Columbia's construction of a gas transmission pipeline and a "pig receiver" over portions of their property in Louisa. Shortly thereafter, Columbia removed the case to this Court and moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The O'Connors responded by asking the Court to remand the case to state court for lack of subject matter jurisdiction. The O'Connors, both residents of Virginia, claimed that complete diversity to support federal jurisdiction over their state law claims was lacking

because Columbia was a Delaware corporation with its principal place of business in Virginia. In response, Columbia claimed that it recently converted from corporate status to a limited liability company whose sole member was a Delaware corporation with its principal place of business in Ohio. In light of this information, the O'Connors then argued that Columbia failed to meet its burden of establishing a basis for federal jurisdiction because its claims were inconsistent and unreliable: while Columbia claimed it converted to LLC status on December 9, 2008, for example, it claimed corporate status in its March 30, 2009 Notice of Removal. At the pretrial hearing on this issue, counsel for Columbia explained that he was unaware of the conversion in Columbia's status when he filed the Notice of Removal in this case.

## II. APPLICABLE LAW

Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). A corporation is a "citizen" of any state where it is incorporated and where it has its principal place of business. *Id.* § 1332(c)(1). A limited liability company is a citizen of every state in which any one of the owners of the company is a citizen. *Muhlenbeck v. Ki, LLC*, 304 F. Supp. 2d 797, 798 (E.D. Va. 2004). The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

## III. DISCUSSION

Although Columbia's claims in its Notice of Removal may be inconsistent with its claims in its response brief, it has still met its burden of establishing a basis for federal jurisdiction in this case. When the O'Connors filed their complaint in state court,

Columbia had indeed converted its status from that of a corporation to a limited liability company, with its sole member being Columbia Energy Group ("CEG").[1] CEG is a Delaware corporation with its principal place of business in Ohio and has no offices in Virginia.[2] Because a limited liability company is a citizen of every state in which any one of the owners of the company is a citizen, *Muhlenbeck*, 304 F. Supp. 2d at 798, Columbia should be considered a citizen of Delaware and Ohio – not Virginia. *See White v. Columbia Gas Transmission Corp. et al.*, 2:09-cv-00157 (S.D. W. Va. April 22, 2009). Since there is complete diversity between Columbia and the O'Connors, the Court has jurisdiction to entertain the O'Connors' state law claims under 28 U.S.C. § 1332.

Even ignoring Columbia's uncontroverted evidence of its LLC status, the O'Connors' arguments that Columbia's principal place of business is in Virginia would be insufficient to destroy complete diversity in this case. Courts in the Fourth Circuit and elsewhere have routinely denied motions to remand predicated on such grounds. *See, e.g., Columbia Gas Transmission Corp. v. Burdette Realty Improvement, Inc.*, 102 F. Supp. 2d 673, 679 (S.D. W. Va. 2000) (applying the "place of operations test" to find that Columbia's principal place of business is in West Virginia); *Columbia Gas Transmission Corp. v. Lauren Land Co.*, 180 F.R.D. 322, 323 (E.D. Ky. 1998) (acknowledging that Columbia is a citizen of West Virginia for purposes of determining diversity jurisdiction); *Columbia Gas Transmission Corp. v. Davis*, 33 F. Supp. 2d 640, 641 (S.D. Ohio 1998) ("Columbia Gas is a Delaware corporation with its principal place of business in West Virginia."); *Columbia Gas Transmission Corp. v. Tarbuck*, 845 F. Supp. 303, 304 (W.D. Pa. 1994) (same).

---

[1] *See* Columbia Exh. 1, State of Delaware, Certificate of Conversion.
[2] *See* Columbia Exh. 2, Dec. of Richard Farmer.

Columbia has thus met its burden, both as a limited liability company and as a corporation, of proving a basis for federal jurisdiction in this case. The fact that Columbia's counsel was unaware of the change in Columbia's corporate status at the time of removal does not destroy the basis for jurisdiction in this case or otherwise prevent Columbia from meeting its burden. Accordingly, the O'Connors' Motion to Remand this case to state court should be denied. In accordance with this Court's May 22, 2009 Order, the O'Connors are directed to file a response to Columbia's Motion to Dismiss by June 5, 2009.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered this 26th day of May, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE