CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 03 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JAMES & NINA O'CONNOR,<br>*Plaintiffs,*<br><br>v.<br><br>COLUMBIA GAS TRANSMISSION CORP.,<br>*Defendant.* | CIVIL NO. 3:09CV00022<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiffs James and Nina O'Connors' Motion to Alter Judgment (docket no. 25). For the reasons set forth below, the O'Connors' Motion will be denied in a separate Order to follow.

## I. BACKGROUND

Although this suit was filed by the O'Connors in March of this year, the relevant history dates back to June 2007, when Columbia originally filed an action in this Court to condemn, among other things, the right to install a pig launcher and a new natural gas pipeline across the O'Connors' property in Louisa County (*Columbia Gas Transmission Corp. v. Walker, et al.*, Civil No. 3:07CV00028-NKM, docket no. 1). On November 13, 2007, the O'Connors filed a Motion for Partial Summary Judgment in the condemnation action, contesting Columbia's authority to install the pig launcher on their property as a violation of a 1950 Right of Way Agreement between both parties' predecessors-in-interest (3:07CV28, docket no. 86). The matter was later resolved by an Agreed Order between the parties (3:07CV28, docket no. 90), which recognized Columbia's right and authority to condemn the pig launcher and other above-ground appurtenances on the O'Connors' property, as well as the O'Connors' right to just compensation for the

1

condemnation. Columbia proceeded to install the pig launcher, other above-ground appurtenances, and the new natural gas transmission pipeline (Line VM-109) on the O'Connors' property. Because Columbia and the O'Connors could not agree on the amount of just compensation owed for the condemnation, a jury trial on the issue of just compensation was eventually set for May 20, 2009.

On March 6, 2009, the O'Connors filed this suit in Louisa County Circuit Court, alleging breach of the 1950 Right of Way Agreement and private nuisance. Columbia timely removed to this Court and filed a Motion to Dismiss (docket no. 3).[1] On April 21st, Columbia filed an amended complaint (3:07CV28, docket no. 114) in the condemnation action pursuant to Federal Rule of Civil Procedure 71.1(f), which permits a plaintiff to amend its complaint at any time before trial without leave of court if certain conditions are met.[2] The amended complaint contained two significant differences from the complaint that was originally filed in the condemnation action: (1) it permitted the construction of roads over the newly-installed pipeline, so long as construction complied with Columbia's "Minimum Guidelines" (the original complaint prohibited the construction of roads over the pipeline), and (2) it removed from the areas to be condemned the portion of Line VM-109 running "approximately parallel" to two other existing pipelines on the O'Connors' property. Columbia claimed that the second amendment reflected the parties' mutual understanding that Columbia already had the

---

[1] In response, the O'Connors filed a Motion to Remand to State Court (docket no. 9), which this Court denied after a hearing consolidated with several pre-trial issues (described below) in the condemnation action on May 19, 2009.

[2] The O'Connors filed a Motion to Dismiss Columbia's amended complaint, which I initially granted at the pretrial hearing for reasons stated from the bench and in a Memorandum Opinion issued after the trial on May 26, 2009 (3:07CV28, docket no. 157). Despite initially granting the Motion to Dismiss, I did allow Columbia to amend its complaint prior to the jury trial, pursuant to Rule 71.1. The reasoning behind that decision is not pertinent to the resolution of this action, and is fully explained in the May 26, 2009 Memorandum Opinion (3:07CV28, docket no. 157).

2

right to install additional pipelines "approximately parallel" to the two existing pipelines pursuant to the 1950 Right of Way Agreement and thus did not need to condemn for that right.

Just prior to the start of the jury trial, the parties submitted a proposed Integrated Pretrial Order (3:07CV28, docket no. 140) identifying, among other things, the contested issues of law that required a ruling from the Court. After a pre-trial hearing, I issued an order on May 19, 2009 that clearly settled the contested legal issues so that the parties could properly frame their strategies and arguments concerning just compensation prior to the start of the jury trial (3:07CV28, docket no. 143). The May 19, 2009 Order established, among other things, that:

1. The relevant date of the taking of the O'Connors' property was June 4, 2007;

2. The 1950 Right of Way Agreement was binding on the O'Connors and Columbia;

3. The area of the newly-installed pipeline that crossed under the pre-existing pipelines on the O'Connors' property was "approximately parallel" to the pre-existing lines, as defined in the 1950 Right of Way Agreement; and

4. Under the 1950 Right of Way Agreement, the O'Connors could not assert a claim for compensation in excess of $275.00 for the installation of the new pipeline (excluding the installation of the pig receiver) but were entitled to any damages that arose from the construction, maintenance, operation, and removal of the new pipeline.

After a two-day trial during which both parties presented evidence concerning the amount of just compensation owed to the O'Connors for the partial taking of their property, the jury rendered a verdict awarding the O'Connors $24,400.00 (3:07CV28, docket no. 154). The verdict included $1,600.00 for the condemnation of any temporary easements, $2,800.00 for the condemnation of any permanent easements, and $20,000.00 for the damage to the value of the remainder of the O'Connors' property.

3

On July 27, 2009, a hearing was held on Columbia's Motion to Dismiss in this case. On July 29th, I granted Columbia's Motion on the grounds that the O'Connors' action was: (1) preempted by the jury's award of condemnation, (2) failed to state any plausible claims for relief, and (3) could have been brought as a compulsory counterclaim in the condemnation action. On August 12th, the O'Connors' timely filed the instant Motion, arguing that the Court erroneously held that they could have brought this action as a counterclaim and incorrectly interpreted the Virginia Supreme Court's decision in *Cantrell v. Appalachian Power Company*, 148 Va. 431, 139 S.E. 247 (1927), by holding that they were limited to recover for only physical damage to their property.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 59(e) preserves a district court's right to alter or amend a judgment after the judgment is entered. Fed. R. Civ. P. 59(e). Although the Rule does not provide a standard under which a court may grant a motion to alter or amend judgment, the Fourth Circuit recognizes three potential grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 149 F.3d 396, 402 (4th Cir. 1998). Accordingly, Rule 59(e) "may not be used to relitigate old matters" or to "raise arguments which could have been raised prior to the issuance of the judgment." *Id.* at 403.

## III. DISCUSSION

The Court's July 29, 2009 Memorandum Opinion relied on three separate grounds for dismissal of the O'Connor's suit: (1) preemption by the jury's award of compensation

4

in the condemnation action, (2) the O'Connors' failure to state any plausible claims for relief, and (3) the fact that the O'Connors' could have brought their claims as compulsory counterclaims in the condemnation action. The Court declines to rehash its interpretation of *Cantrell* and its applicability to this case, as the O'Connors have only offered arguments on that subject which could have been raised prior to the issuance of the Court's judgment. *See Pac. Ins. Co.*, 149 F.3d at 403. And although the issue of a compulsory counterclaim was raised *sua sponte*, the Court declines to alter or amend its judgment as requested by the O'Connors. Even if a counterclaim was prohibited in a condemnation proceeding (as the O'Connors' argue), the O'Connors' claims still should have been dismissed for the two primary reasons relied on in the July 29, 2009 Memorandum Opinion: the preemption of this suit by the jury's award of compensation in the condemnation action, and the O'Connors' failure to state any plausible claims for relief. Furthermore, as illustrated by Columbia's arguments concerning the propriety of a counterclaim in a condemnation action under Rule 71.1, the Court's ruling does not constitute a "clear error of law" warranting the granting of a Rule 59(e) motion. For all of these reasons, the O'Connors' Motion to Alter Judgment will be denied in a separate Order to follow.

It is so **ORDERED**.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 3rd day of September, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

5