CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 2 4 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JAMES & NINA O'CONNOR,<br><br>         *Plaintiffs,*<br>v.<br><br>COLUMBIA GAS TRANSMISSION CORP.,<br><br>         *Defendant.* | CIVIL NO. 3:09-cv-00022<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Columbia Gas Transmission Corporation's Motion for Sanctions under 28 U.S.C. § 1927 (docket no. 28). The issue being fully addressed on the briefs, the Court will dispense with oral argument. For the reasons set forth below, Columbia's Motion will be denied in a separate Order to follow.

## I. BACKGROUND

Having previously set forth the background of this litigation in the Court's Memorandum Opinion of July 29, 2009, granting Columbia's Motion to Dismiss (3:09CV22, docket no. 23), and in the Memorandum Opinion of September 3, 2009, denying the O'Connors' Motion to Alter Judgment (3:09CV22, docket no. 31), a summary of the underlying litigation will be sufficient for the purposes of this motion.

Although this suit was filed by the O'Connors in March of this year, the relevant history dates back to June 2007, when Columbia originally filed an action in

1

this Court to condemn, among other things, the right to install a pig launcher and a new natural gas pipeline across the O'Connors' property in Louisa County (*Columbia Gas Transmission Corp. v. Walker, et al.*, Civil No. 3:07CV00028-NKM, docket no. 1). On November 13, 2007, the O'Connors filed a Motion for Partial Summary Judgment in the condemnation action, contesting Columbia's authority to install the pig launcher on their property as a violation of a 1950 Right of Way Agreement between both parties' predecessors-in-interest (3:07CV28, docket no. 86). The matter was later resolved by an Agreed Order between the parties (3:07CV28, docket no. 90), which recognized Columbia's right and authority to condemn the pig launcher and other above-ground appurtenances on the O'Connors' property, as well as the O'Connors' right to just compensation for the condemnation. Columbia proceeded to install the pig launcher, other above-ground appurtenances, and the new natural gas transmission pipeline (Line VM-109) on the O'Connors' property. Because Columbia and the O'Connors could not agree on the amount of just compensation owed for the condemnation, a jury trial on the issue of just compensation was eventually set for May 20, 2009.

On March 6, 2009, the O'Connors filed this suit in Louisa County Circuit Court, alleging breach of the 1950 Right of Way Agreement and private nuisance. Columbia timely removed to this Court and filed a Motion to Dismiss (docket no. 3). On April 21, Columbia filed an amended complaint (3:07CV28, docket no. 114) in the condemnation action, containing two significant differences from the complaint that was originally filed in that action: (1) it permitted the construction of roads over the newly-installed pipeline, so long as the construction complied with

Columbia's "Minimum Guidelines" (the original complaint prohibited the construction of roads over the pipeline), and (2) it removed from the areas to be condemned the portion of Line VM-109 running "approximately parallel" to two other existing pipelines on the O'Connors' property. Columbia claimed that the second amendment reflected the parties' mutual understanding that Columbia already had the right to install additional pipelines "approximately parallel" to the two existing pipelines pursuant to the 1950 Right of Way Agreement and thus did not need to condemn for that right.

Just prior to the start of the jury trial, the parties submitted a proposed Integrated Pretrial Order (3:07CV28, docket no. 140) identifying, among other things, the contested issues of law that required a ruling from the Court. After a pre-trial hearing, I issued an order on May 19, 2009 that clearly settled the contested legal issues so that the parties could properly frame their strategies and arguments concerning just compensation prior to the start of the jury trial (3:07CV28, docket no. 143).

After a two-day trial during which both parties presented evidence concerning the amount of just compensation owed to the O'Connors for the partial taking of their property, the jury rendered a verdict awarding the O'Connors $24,400.00 (3:07CV28, docket no. 154). The verdict included $1,600.00 for the condemnation of any temporary easements, $2,800.00 for the condemnation of any permanent easements, and $20,000.00 for the damage to the value of the remainder of the O'Connors' property.

3

On July 27, 2009, a hearing was held on Columbia's Motion to Dismiss in this case. On July 29, 2009, I granted Columbia's Motion on the grounds that the O'Connors' action: (1) was preempted by the jury's award of condemnation, (2) failed to state any plausible claims for relief, and (3) could have been brought as a compulsory counterclaim in the condemnation action. On August 12th, the O'Connors timely filed a Motion to Alter or Amend Judgment (3:09CV22, docket no. 25), arguing that the Court erroneously held that they could have brought this action as a counterclaim and incorrectly interpreted the Virginia Supreme Court's decision in *Cantrell v. Appalachian Power Company*, 148 Va. 431, 139 S.E. 247 (1927), by holding that they were limited to recover for only physical damage to their property. I denied the O'Connors' Motion to Alter or Amend Judgment on September 3, 2009, (3:09CV22, docket no. 31), as said Motion had no bearing on two of the three separate grounds for the Court's judgment and therefore provided insufficient basis for altering or amending the Court's judgment.

On August 24, 2009, Columbia filed the instant Motion for Sanctions under 28 U.S.C. § 1927.

## II. APPLICABLE LAW

Columbia moves the Court for sanctions against Plaintiffs' counsel under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases ... who so multiplies the proceedings in any case unreasonably or vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's reasonably incurred because of such conduct.

Section 1927 "does not distinguish between winners and losers, or between plaintiffs and defendants. The statute is indifferent to the equities of a dispute and

4

to the values advanced by the substantive law." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Instead, the provision "is concerned only with limiting the abuse of court processes." *Id.* Framed another way, § 1927 "focuses on the conduct of the litigation and not on its merits[,]" *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999), and as such, it "imposes a continuing obligation in the conduct of litigation." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991).

Finally, before the Court may impose sanctions under Section 1927, "a finding of counsel's bad faith [is] a precondition to the imposition of fees" under the provision. *Brubaker*, 943 F.2d at 1382 n.25.

### III. DISCUSSION

Columbia alleges that counsel for the O'Connors "embarked on a bad faith effort to vexatiously increase the litigation between the O'Connors and Columbia" starting by filing this lawsuit in state court, by "proceed[ing] to argue that they should be allowed to have a trial in this case on the very same issues already litigated in the Condemnation Action," and specifically by filing a Motion to Alter or Amend the Judgment "which restated the same arguments already rejected by the Court."

Columbia has correctly noted that "[t]he Fourth Circuit has also held that a finding of 'counsel's bad faith,' is necessary for the imposition of sanctions under 28 U.S.C. § 1927." Relying principally on the unpublished decision of the Fourth Circuit in *Salvin v. Am. Nat'l Ins. Co.*, 281 Fed.Appx. 222 (4th Cir. 2008) (unpublished) Columbia argues that the Court should impose sanctions under § 1927 because the

5

"plaintiff ... continued to protract the litigation after it became evident that its positions lacked merit." Furthermore, Columbia cites precedent from other circuits to support the general proposition from *Salvin* that sanctions should be imposed where "plaintiff continued to press meritless positions which needlessly extended the litigation."

By filing the Motion to Alter or Amend Judgment that "presented only one new argument, relating to the compulsory counterclaim finding, that was not dispositive of the Court's grant of the Motion to Dismiss, and otherwise ignored the myriad other reasons stated by the Court for granting the Motion to Dismiss," Columbia argues that Plaintiffs' counsel plainly have conducted their litigation strategy in bad faith. Furthermore, Columbia argues that Plaintiffs' counsel further exhibited their bad faith by simultaneously "demand[ing] more money from Columbia," and "promis[ing] that this can all end if Columbia would simply pay more money."

In response, counsel for the O'Connors argue in their Memorandum in Opposition to Defendant's Motion for Sanctions that Columbia only alleges there to be "one concrete allegation of vexatious behavior[,]" which is the filing of the Motion to Alter or Amend. As to that filing, the position of the O'Connors remains that the "Court's dismissal of their complaint represents a clear error of law, and especially noting the clear Fourth Circuit precedent barring the filing of counterclaims in eminent domain matters." Plaintiffs argue that filing the Motion to Alter or Amend was proper, as "this Court should have the opportunity to reconsider its ruling and to exclude what appears to be a clear error of law as one of the bases of its ruling."

6

Plaintiffs also cite to *DeBauche v. Trani*, wherein the Fourth Circuit held that, "as a matter of law [ ] the filing of a single complaint cannot be held to have multiplied the proceedings unreasonably and vexatiously and therefore [ ] § 1927 cannot be employed to impose sanctions." 191 F.3d 499, 511-12 (4th Cir. 1999). From this holding, the Plaintiffs extrapolate that "[s]imilarly, the filing of a single document, the O'Connors' Motion to Alter or Amend, cannot be said to have multiplied proceedings unreasonably and vexatiously, and therefore cannot form the basis for the imposition of sanctions under Section 1927." Such an argument does not follow from a plain reading of *DeBauche*, wherein only one document (an amended complaint) was filed in total against the parties moving for sanctions. As exhibited by the extensive background on this litigation, a comparison between the course of litigation in this case, and that in *DeBauche*, is inapposite. Furthermore, similar arguments attempting to expand the holding in *DeBauche v. Trani* have been found to be without merit. *See e.g., Salvin*, 281 Fed.Appx. at 226 (distinguishing attorneys failure to withdraw a meritless claim from the filing of the single faulty complaint in *DeBauche*); *Sweetland v. Bank of Am. Corp.*, 241 Fed.Appx. 92, 97 (4th Cir. 2007) (unpublished) (finding it possible for a motion for summary judgment to constitute an unreasonable and vexatious multiplication of proceedings).

The Court's July 29, 2009 Memorandum Opinion (3:09CV22, docket no. 23) granting Columbia's Motion to Dismiss clearly held that there were three separate and independent grounds for dismissing the O'Connors' claims. Furthermore, by only addressing one of the aforementioned grounds for dismissal, the O'Connors' Motion to Alter or Amend Judgment (3:09CV22, docket no. 25) could not have

succeeded, as stated in the Court's September 3, 2009 Memorandum Opinion (3:09CV22, docket no. 31).

However, based upon the submissions of the parties, the Court does not find that Plaintiffs' counsel possessed anything other than a good faith, if mistaken, belief that the Motion to Alter or Amend Judgment presented plausible grounds for alteration or amendment of the Court's ruling on Columbia's motion to dismiss. While Columbia argues that the "repeated pursuit of baseless arguments, already rejected by the Court, is precisely the type of bad faith conduct the courts have held justify the imposition of sanctions under 28 U.S.C. § 1927," the emphasis Plaintiffs' counsel placed on responding to an issue raised *sua sponte* (that the O'Connors' suit could have been brought as a compulsory counterclaim in the condemnation action) lends itself to a good faith basis for the Motion, and not a mere rehashing of issues already decided. Presented with insufficient grounds for a finding of bad faith concerning the Motion to Alter or Amend Judgment, the Court will not draw an inference of improper purpose to the accompanying settlement talks between counsel.

For all of these reasons, Columbia's Motion for Sanctions under 28 U.S.C. § 1927 will be denied in a separate Order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 24th day of September, 2009.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE